F I L E D
United States Court of Appeals
Tenth Circuit

JUN 3 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STEVEN HARRIS,

     Plaintiff-Appellant,

v.

SWEETWATER COUNTY SCHOOL
DISTRICT NO. 2,

     Defendant-Appellee.

No. 96-8078
(D.C. No. 95-CV-246B)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Steven Harris appeals the order of the district court granting summary judgment in favor of defendant on his claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (the ADA). Because we find that plaintiff failed to advance his pretext argument to the district court, and thus failed to demonstrate a genuine issue of material fact as to whether defendant's proffered reason for failing to grant him an employment interview were unworthy of belief, we affirm.

Plaintiff became visually impaired in 1979 as the result of a gun shot accident. The parties do not dispute that plaintiff is a person with a disability for purposes of the ADA. In January 1995, plaintiff saw an ad in the local newspaper for a position with defendant school district as a part-time temporary special education vocational tutor. The advertised requirements for this position were a high school diploma; experience with special needs students; four to six hours daily as needed; and flexible hours between 9:30 a.m. and 3:40 p.m. No mention was made in the ad of a required driver's license or the need to transport students to job sites.

Plaintiff filed a timely application for the job. Out of the twenty-four applications received, the district hiring committee selected six people to be interviewed. Plaintiff was not among the six. Three people were ultimately interviewed, and two people were chosen to share the job. Believing that he had

not been interviewed because of his disability, plaintiff brought this action under the ADA.

Under the ADA, it is illegal for an employer to discriminate "against a qualified individual with a disability because of the disability of such individual in regard to . . . hiring . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The familiar analytical framework first set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), applies to cases brought under the ADA. See Morgan v. Hilti, 108 F.3d 1319, 1323 (10th Cir. 1997). Thus, a plaintiff must first establish a prima facie case by showing:

(1) that [he] is a disabled person within the meaning of the ADA;
(2) that [he] is qualified, that is, [he] is able to perform the essential functions of the job, with or without reasonable accommodation; and
(3) that the employer [failed to hire him] under circumstances which give rise to an inference that the [failure to hire] was based on [his] disability.

Id. (citations omitted). Once plaintiff establishes the prima facie showing, a presumption is created that the defendant engaged in unlawful discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). The burden of production then shifts to the defendant to produce evidence of a legitimate nondiscriminatory reason for the challenged employment decision. See Morgan, 108 F.3d at 1323. If the defendant comes forward with such reason, the burden reverts back to the plaintiff who must then demonstrate that "'there is a genuine dispute of material fact as to whether the employer's proffered reason for the

challenged action is pretextual--i.e., unworthy of belief.'" Id. (quoting Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995)).

Defendant Sweetwater County School District moved for summary judgment, and, for purposes of the motion only, conceded that plaintiff had established a prima facie case under the ADA. The burden of production was then on defendant to demonstrate a legitimate nondiscriminatory reason for not interviewing plaintiff. In order to meet this burden, defendant produced affidavits from the three people who served on the hiring committee. All three stated that, based on his written application and with or without his disability, Mr. Harris was not considered to be one of the most qualified for the position. Appellee's App. at 54, 60, 65.

An opinion that an applicant is less qualified for a job than other applicants can be a legitimate nondiscriminatory reason for refusing to hire a member of a protected class. In analysis equally applicable to persons with disabilities, the Fourth Circuit has noted that:

> Obviously it must be possible for employers legally to make employment decisions that disfavor qualified minority employees on the basis of a comparative evaluation of their qualifications with those of other applicants. Concededly, when that evaluation is to any degree subjective and when the evaluators are themselves not members of the protected minority, the legitimacy and nondiscriminatory basis of the articulated reason for the decision may be subject to particularly close scrutiny by the trial judge. But, as the Supreme Court pointed out in McDonnell Douglas itself, the mere fact that subjective criteria are involved in the reason articulated by

-4-

an employer does not prevent according it sufficient rebuttal weight to dispel the inference of discrimination raised by the prima facie case.

Page v. Bolger, 645 F.2d 227, 230 (4th Cir. 1981).  The production of this legitimate nondiscriminatory reason for failing to interview plaintiff neutralizes the inference of discrimination which arose from the demonstration of the prima facie case.  It was then up to plaintiff to demonstrate that defendant's contention that he was not as qualified for the position as those chosen for interview was pretextual, i.e., unworthy of credence.  Plaintiff could potentially do this by showing that he was as qualified, or more qualified, than the six people chosen for the interview.

Relying on a comparison of his resume with the job applications of the three people eventually interviewed, plaintiff argues in his brief to this court that he is far better qualified for the position than the six finalists.  However, because on the record before us we can only conclude that plaintiff did not present this evidence or make this argument to the district court, we cannot consider it on appeal.  See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (refusing to consider evidence not before the district court when reviewing a ruling on summary judgment).

In determining that plaintiff did not argue that he was as qualified or more qualified than the applicants who were interviewed, we rely on the statement to

that effect in the order of the district court: "Harris has not produced any evidence to demonstrate that the School District's proffered reason is false. Harris merely argues that he was qualified for the job, but he has not offered any evidence to show that he was more qualified than or as qualified as the persons actually hired." Appellant's App. at 187. Further, plaintiff's lawyer, during the hearing on the motion for summary judgment, agreed with the sentiment expressed in Page v. Bolger, 645 F.2d at 230, that employers must be able to disfavor minority applicants in hiring decisions based on relative qualifications. See Appellant's App. at 175. She went on, however, to urge the court to "demand a production of whatever comparison was done and that we be able to demonstrate that, in fact, Mr. Harris was more qualified than any of the individuals that applied and any of the individuals that ultimately were hired and that that qualification had little or nothing to do with the visual impairment that he has over--that he lives with on a day-to-day basis." Id.

It is clear to us, therefore, that, while plaintiff's counsel recognized the importance of the need to raise an issue of fact regarding defendant's proffered reason for refusing to interview her client, she did not actually come forward with the evidence to demonstrate pretext.[1] Plaintiff, therefore, was unable to get "over

---

[1] The evidence relied on by plaintiff to make the pretext argument to this court was available at the time of the summary judgment hearing as it consists of

(continued...)

the hurdle of summary judgment." Morgan, 108 F.3d at 1323 (quotation omitted).[2]

Plaintiff argues that the requirement of a driver's licence was a "hidden" requirement that, implicitly, was added to the minimum qualifications for the job in order to eliminate him from the competition. In the posture of this case, the issue of the driver's license is irrelevant because defendant, by assuming for purposes of the summary judgment motion that plaintiff had made out a prima facie case, had already conceded that plaintiff was qualified for the job. Under the ADA, this means either that plaintiff can do the job with the physical abilities he has, or that he can do the job with reasonable accommodation. The issue of the driver's licence would have been relevant if the issue in this case were whether plaintiff was a "qualified individual with a disability." See 42 U.S.C. § 12111(8). Because that issue has been conceded by defendant, the driver's license requirement has no bearing on the outcome of this appeal.

_____

[1](...continued)
the job applications of the persons who were interviewed. This information was provided by defendant in response to plaintiff's first set of interrogatories and request for production of documents.

[2]    We note that any briefs filed in the district court relative to the motion for summary judgment were not included in the record on appeal. Further, if plaintiff raised the issue of pretext in the district court, he does not comply with 10th Cir. R. 28.2(b) which requires him to state where in the record the issue was raised and ruled upon.

Defendant's motion to strike plaintiff's reply brief is denied. The judgment

of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge