**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SETH WAITES,

      Plaintiff - Appellant,

v.

MCI TELECOMMUNICATIONS
CORPORATION, a Delaware
corporation,

      Defendant - Appellee.

No. 97-1003

(D.C. No. 95-S-2879)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **McKAY**, and **LUCERO**, Circuit Judges.

Mr. Seth Waites (Plaintiff) appeals an order of the district court granting summary judgment to Defendant, MCI Telecommunications Corporation (MCI). Plaintiff alleges that his discharge from MCI was motivated by an anti-disability bias, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. See Appellant's Br. at 2. MCI contends that Plaintiff was discharged because he violated MCI's conflict-of-interest policy by (1) hiring his wife to provide him with sign language interpreting services; and (2) using his wife's interpreting services agency, Sign Language Services

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(SLS), to personally profit by overcharging MCI for SLS's services.  See Appellee's

Answer Br. at 10.  Plaintiff contends that MCI's proffered reasons for firing him are

pretextual and that MCI's real reason for his discharge violates the ADA.  See

Appellant's Br. at 2.

We review a district court's grant of summary judgment *de novo*, applying the

same legal standard as the district court.  See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th

Cir. 1996).  Summary judgment is appropriate when there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R.

Civ. P. 56(c); White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995).

> To qualify for relief under the ADA, a plaintiff must establish (1) that he is
> a disabled person within the meaning of the ADA; (2) that he is qualified
> . . . with or without reasonable accommodation . . . to perform the essential
> function of the job; and (3) that the employer terminated him because of his
> disability.

White, 45 F.3d at 360-61.  Once a plaintiff establishes a prima facie case of

discrimination, the burden of production shifts to the employer.  See McDonnell Douglas

Corp. v. Green, 411 U.S. 792, 802 (1973) (mandating this process in the context of a Title

VII claim); Morgan v. Hilti Inc., 108 F.3d 1319, 1321-22, 1323 (10th Cir. 1997); accord

Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 883 (6th Cir. 1996).  The employer

must then present evidence of a facially nondiscriminatory reason for the challenged

employment decision.  See Morgan, 108 F.3d at 1323.  "If the [employer] carries that

burden of production, plaintiff must then prove 'by a preponderance of the evidence' that

the [employer's] proffered reasons were not its true reasons, but were merely a pretext for illegal discrimination." Kocsis, 97 F.3d at 883, (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)); see Morgan, 108 F.3d at 1321. To defeat a motion for summary judgment the plaintiff must show that there is a genuine dispute regarding whether the employer's reasons for the termination were pretextual or unworthy of belief. See Morgan, 108 F.3d at 1321; Randle v. City of Aurora, 69 F.3d 441, 451-52 (10th Cir. 1995).

Plaintiff claims that a question of material fact exists, i.e., whether he was actually discharged because of his disability. See Appellant's Br. at 7. Plaintiff contends that there is sufficient evidence to believe that MCI terminated him because of his disability. See id. He supports this claim with allegations that MCI officials complained about the expense of hiring interpreters for him and that MCI officials knew that Plaintiff's wife was providing him with interpretive services. See id. Plaintiff argues that if MCI officials knew his wife was interpreting for him, they at least impliedly approved of the situation, and, therefore, that firing him for this practice was pretextual. See id.

We hold Plaintiff did not produce enough evidence to prove MCI's stated reasons for firing him were pretextual, or unworthy of credence, under the preponderance standard. MCI's stated reasons for terminating Plaintiff are that Plaintiff violated MCI's employment policies, see Appellant's Br. App. at 208, by (1) using his wife to provide interpretive services; and (2) using SLS to personally profit from the company's

association with MCI. The evidence reveals that MCI's conflict-of-interest policy prohibited Plaintiff from employing his wife as a sign language interpreter. See id. at 204-05, 207. The evidence demonstrates that Plaintiff's wife established a sign language interpretive services company and that the company billed MCI a fee of $25.00 per hour for its services while paying its interpreters only $15.00 per hour. See id. at 47, 228. The evidence establishes that MCI accommodated Plaintiff's disability at reasonable expense to the company, see Appellee's Supplemental App. at 67-85, until a third party informed MCI of Plaintiff's actions. See id. at 90, 158. Although Plaintiff maintains that MCI knew he was using his wife as an interpreter, the evidence in the record supports the conclusion that few MCI employees were acquainted with Plaintiff's wife, and those employees had no knowledge of the wife's connection to SLS or the payments being made to SLS by MCI. See id. at 206-08, 212. Additionally, there is evidence in the record that Plaintiff asked others to hide his wife's identity and his relationship with SLS, see id. at 92, 158, 163, 169-70, belying his contention that MCI knew and approved of the situation.

The district court found that "Plaintiff's evidence does not show, by a preponderance of the evidence, that MCI's proffered nondiscriminatory reason for his termination is unworthy of belief and that illegal discrimination took place. The court concludes that a jury could not reasonably reject MCI's explanation for its decision[]." Appellant's Br. App. at 302. We conclude that there was no error in the district court's

-4-

decision.

AFFIRMED.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge