**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REGINALD CHARLES HORNER,

    Plaintiff - Appellant,

v.

INCOME PRODUCING
MANAGEMENT OF OKLAHOMA,
INC.,

    Defendant - Appellee.

No. 98-5223

(D.C. No. 97-CV-1103)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Plaintiff Reginald Charles Horner filed this action against his former

employer alleging discrimination and retaliation in violation of the Americans

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with Disabilities Act, 42 U.S.C. §§ 12101-12213.[1]  The district court entered summary judgment in favor of Defendant Income Producing Management of Oklahoma, Inc., and Plaintiff now appeals.  We review the district court's grant of summary judgment de novo and apply the same legal standard used by the district court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  We affirm if there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Defendant owns and operates franchises of Wendy's fast food restaurants in Tulsa, Oklahoma.  From September 17, 1996, to April 14, 1997, Plaintiff worked as a grill cook at one of Defendant's Wendy's restaurants.  When Plaintiff first began working at Wendy's, his immediate supervisor was Rhonda Farley.  During his initial job interview with Ms. Farley, Plaintiff asked for limited work hours so that he could receive dialysis treatments three days a week for his kidney disease.

---

[1]Plaintiff also asserted that he was discriminated against in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e to 2000e-17.  However, Title VII prevents discrimination only on the basis of race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-2(a)(1).  Because Plaintiff has not alleged facts related to any of these prohibited bases for discrimination, he has not stated a claim pursuant to Title VII.  In addition, Plaintiff set forth a pendent state law claim alleging "intentional and/or negligent infliction of emotional distress" in his complaint.  R., Doc. 11 at 5.  By failing to raise this claim on appeal, Defendant has waived it.  See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating that issue not raised in opening brief is waived).

He also requested less than full-time hours so that he could continue to receive Social Security Administration disability payments. Ms. Farley honored both of Plaintiff's requests. She allowed him to work limited hours and to leave work by 4:30 p.m. to attend dialysis treatments at 5:00 p.m. on Mondays, Wednesdays, and Fridays.

Plaintiff's complaint stems from an incident which occurred on December 6, 1996. On that day, Ms. Farley asked Plaintiff for a fry count, but he was slow in responding due to a speech impediment. Plaintiff's delay prompted Ms. Farley to say, "Reggie, if you don't hurry and tell me the fry count, I will slap you in the mouth with my spatula." R., Doc. 61 at 2. Plaintiff alleges that customers and his coworkers heard Ms. Farley's comment and that he suffered embarrassment and hurt feelings as a result. Plaintiff subsequently wrote a letter to manager Allen Rowan complaining about Ms. Farley's statement. In response, Mr. Rowan spoke in person with both Plaintiff and Ms. Farley about the incident, and he assured Plaintiff that nothing like that would happen again.

Plaintiff further alleges that Ms. Farley, in retaliation for his complaint to Mr. Rowan, prevented him from leaving at 4:30 p.m. to make his dialysis treatments. However, although Plaintiff was an hour late for a dialysis treatment on one occasion, he admits that he never missed any dialysis treatments while he was employed at Wendy's.

In February 1997, Ms. Farley was transferred to another Wendy's restaurant and James Baxter became Plaintiff's new supervisor. Plaintiff did not experience any difficulties in working with Mr. Baxter until April 14, 1997, when Mr. Baxter asked Plaintiff to work past his regular shift due to a staffing shortage. Plaintiff told Mr. Baxter that he could not work late, at which point Plaintiff alleges that Mr. Baxter told him he could not let him off the clock because he did not have another grill cook. Plaintiff told Mr. Baxter that he had no choice but to resign because he had to have his dialysis treatments. He then walked off the job, stating that the working conditions were intolerable.

The day after this incident, on April 15, 1997, the president of human resources at Wendy's, Roger Bolton, wrote a letter to Plaintiff apologizing for the misunderstanding with Mr. Baxter. The letter states that Mr. Baxter apparently did not know that Plaintiff had to leave work for medical reasons. In addition, Mr. Bolton offered to pay Plaintiff back-pay and to reinstate his employment either at the same Wendy's with the same supervisor or at another Wendy's with a different supervisor. Mr. Bolton also offered to give Plaintiff the same schedule he previously had or to make any adjustments to his schedule necessary "to allow [him] to get whatever treatment [he] need[s], whenever it is required." Appellee's App., Doc. 16. Plaintiff did not accept this offer of reinstatement.

Approximately two weeks after Plaintiff resigned from Wendy's, he

obtained employment as a production worker through Express Temporaries at Bama Pie. Initially, Plaintiff worked forty-eight hours a week at $6.00 per hour, but he ultimately became a permanent employee of Bama Pie, working forty hours a week at $8.60 per hour. Plaintiff worked sixteen hours a week at $4.75 per hour during his employment with Wendy's.

In an Order filed October 29, 1998, the district court granted Defendant's motion for summary judgment with respect to each of Plaintiff's claims. Plaintiff timely filed a notice of appeal and the district court granted him leave to proceed *in forma pauperis* on appeal. On appeal, Plaintiff raises essentially the same claims he asserted in his complaint and alleges that he has raised genuine issues of material fact. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

To establish a prima facie case of discrimination under the ADA, Plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances giving rise to an inference of discrimination based on disability. See Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). Because Plaintiff argues that the adverse employment action he suffered was that he was constructively discharged, he "must produce evidence that the 'employer by its illegal discriminatory acts has made working conditions so difficult that a

reasonable person in [Plaintiff's] position would feel compelled to resign.'" Thomas v. Denny's, Inc., 111 F.3d 1506, 1514 (10th Cir.) (internal quotation marks and citations omitted), cert. denied, __ U.S. __, 118 S. Ct. 626 (1997); see also Hammon v. DHL Airways, Inc., 165 F.3d 441, 450 n.10 (6th Cir. 1999) ("Constructive discharge occurs when 'working conditions [are] . . . so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" (citation omitted)); Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1534 (10th Cir. 1995) (stating that the third element of prima facie case is met if the plaintiff shows that the defendant "subjected [him] to working conditions that a reasonable person would view as intolerable"). The district court held that Plaintiff could not state a claim because he did not suffer any adverse employment action nor did he establish that he was constructively discharged. See R., Doc. 61 at 5-6.

Assuming without deciding that Plaintiff has established the first two elements of a prima facie case, we agree with the district court that Plaintiff has not raised a genuine issue of material fact with respect to constructive discharge. In response to Plaintiff's complaint regarding Ms. Farley's derogatory statement to him, the manager, Mr. Rowan, responded quickly and effectively to ensure that such an incident would not occur again. After the incident, Plaintiff did not experience any unfair or demeaning treatment by Ms. Farley. Additionally,

Plaintiff's claim that Ms. Farley retaliated against him by attempting to prevent him from leaving at 4:30 p.m. to attend his dialysis treatments has no merit. The record shows that Plaintiff did not miss any dialysis treatments and he was late for only one dialysis treatment during his entire employment at Wendy's. Under these circumstances, we conclude that Plaintiff has not shown that the working conditions at his place of employment were so intolerable that a reasonable employee would feel compelled to resign. Thus, Plaintiff has failed to state a claim of discrimination under the ADA.

We also agree with the district court that Plaintiff has not suffered any damages as a result of Defendant's treatment of him. Not only has Plaintiff failed to show that he was constructively discharged but also Defendant's offer to reinstate Plaintiff, to provide him with back pay for any missed working hours, and to adjust his working conditions in any way necessary to allow him to attend his dialysis treatments undercuts any claim that he suffered damages as a result of Defendant's conduct. Further, even if Plaintiff had succeeded in showing that he had suffered the loss of his employment, his subsequent employment at Bama Pie, where he works longer hours and earns a higher wage, mitigates any damages he allegedly may have suffered.

Plaintiff's retaliation claim reveals similar shortcomings. To establish a prima facie case of retaliation under the ADA, Plaintiff must show: "(1)

protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action." Morgan, 108 F.3d at 1324. In this case, Plaintiff can only establish the first element, i.e., that he engaged in protected action by submitting a written complaint regarding his supervisor, Ms. Farley, and the derogatory remark she made to him. Plaintiff cannot establish adverse employment action because he was not terminated, he has failed to make a showing of constructive discharge, and he never missed a dialysis treatment during his employment at Wendy's. Moreover, Plaintiff's allegation that his supervisors refused "to let [him] off work in time" for his dialysis treatments is unsupported by the record. Appellant's Opening Br. at 2. We therefore agree with the district court that Plaintiff has not stated a claim of retaliation under the ADA.

The district court's entry of summary judgment in favor of Defendant is

**AFFIRMED.**[2]

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2]In connection with this appeal, Appellant filed a "Motion for Appeals Court[']s Full Consideration for a Judgment Against Appelle[e]." Having reviewed this motion, we now construe it as a petition for a hearing en banc, and we deny it because en banc consideration is not "necessary to secure or maintain uniformity of the court's decisions" nor do Plaintiff's arguments "involve[] a question of exceptional importance." Fed. R. App. P. 35(a)(1)-(2).