# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                                                    Elisabeth A.Shumaker
Clerk                                                                                    Chief Deputy Clerk

May 29, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   96-5111, Morgan v. Hilti, Inc.
          May 18, 1997


Please be advised of the following correction to the captioned decision:

In the last sentence of the last paragraph on page two of the opinion, the cite should read 29 U.S.C. § 2615(a). That is, the subsection (1) should not be included in the cite. Similarly, the cite in the first sentence of the last paragraph in the opinion should not include the subsection (2).

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TANYA MORGAN,

      Plaintiff-Appellant,

v.

HILTI, INC., a corporation in the state
of New York,

      Defendant-Appellee.

No. 96-5111

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CV-608-B)

---

Submitted on the briefs:

Katherine Waller of Leblang & Clay, Tulsa, Oklahoma, for Plaintiff-Appellant.

J. Daniel Morgan of Gable Gotwals Mock Schwabe, Tulsa, Oklahoma, for
Defendant-Appellee.

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

EBEL, Circuit Judge.

---

Plaintiff-Appellant Tanya Morgan filed this suit against defendant-appellee Hilti, Inc. alleging that Hilti discriminated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, by terminating her employment for the allegedly pretextual reason of excessive absenteeism. She further claimed that the termination was in retaliation for filing a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), in violation of 42 U.S.C. § 12203(a), and in retaliation for exercising her rights under the Family and Medical Leave Act (FMLA), in violation of 29 U.S.C. § 2615(a)(1).[1]

The district court granted summary judgment in favor of Hilti. In doing so, it ruled that Morgan had made out a prima facie case of ADA discrimination, but had failed to carry the two-pronged burden of showing (1) that Hilti's proffered reasons for terminating her were false, and (2) that Hilti's real reasons were unlawful. This standard is contrary to our prior case law. On summary judgment, once the employer comes forward with a facially nondiscriminatory reason for an adverse employment decision, the plaintiff's burden is only to demonstrate a genuine dispute of material fact as to whether the proffered reasons were unworthy of belief. Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

---

[1] In the district court, Morgan also alleged tortious breach of employment contract in violation of Oklahoma public policy. She does not pursue this cause of action on appeal.

To avoid summary judgment, a plaintiff need not demonstrate that discriminatory reasons motivated the employer's decision.  Id. at 451-52.

However, we "affirm the district court's decision to grant summary judgment if the record contains any basis to do so." Jones v. Unisys Corp., 54 F.3d 624, 628 (10th Cir. 1995).  After reviewing the record de novo, see David v. City & County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996), and construing the factual record and all reasonable inferences therefrom in the light most favorable to Morgan, see id., we determine that Morgan did not raise any material issues of fact as to Hilti's motivation and thus affirm the judgment of the district court.[2]

## I.    BACKGROUND

Morgan was employed by Hilti from July 2, 1984 through January 18, 1995, when she was discharged from her position as a fax/mail clerk.  In November 1992, Morgan took a short-term disability leave for treatment of depression and anorexia nervosa.  She returned from the leave on February 12, 1993, and informed her supervisor of her condition.  Sometime later that year, she told a new supervisor of her condition and also mentioned her continuing participation

[2]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

in counseling and group therapy sessions. Morgan stopped attending the sessions in December of 1993, after hearing from a co-worker that the supervisor was documenting her absenteeism, with particular attention to the dates of her short-term disability leave and therapy sessions.

The attendance records for 1993 show that Morgan came late, left early, or was absent on at least thirty working days (exclusive of disability leave and scheduled vacation time). Morgan gave various reasons for the occurrences: her own illnesses, illnesses of her children, foot or ankle problems, dentist and doctor appointments, and "out prev. night." Appellant's App. at 30. She did not give attendance at therapy sessions as an excuse, id., and only one of the absence dates correlates with the therapy sessions documented in her treatment records. Hilti discussed attendance problems with Morgan on August 10 and, at her year-end review conducted on December 16, warned that her "tardiness is unacceptable," id. at 33, and that she "must improve attendance & tardiness," id. at 34.

Morgan continued the same pattern of frequent, unscheduled absences in 1994. In January and February she was absent for six days and left early on three. Hilti counseled her concerning the need for regular attendance on February 1. From March 29 through May 13, Morgan took another short-term disability leave (apparently an approved FMLA leave) to recover from a surgical procedure

unrelated to depression or anorexia nervosa. On the day of her return, Hilti sent her a letter recounting her absences, advising that her attendance record would be "closely monitored on a daily basis," and warning that further absenteeism exceeding her ten remaining days of paid sick leave could "result in disciplinary action, up to and including termination." Id. at 35.

On August 3, 1994, Morgan filed a charge of disability discrimination with the EEOC. Hilti responded to the charge and continued to monitor Morgan's attendance record. When Morgan was absent on October 20 for the fourth time that month, Hilti issued another written warning about the consequences of excessive unscheduled absences. Hilti also warned her orally on November 28.

On December 6, she was given a final warning, which stated that her employment would be terminated if she missed any scheduled time in December 1994, or exceeded a monthly average of more than one unscheduled day off during the 1995 calendar year. This message was repeated at her year-end review, held December 30. By January 16, 1995, Morgan already had taken more than one unscheduled day off. Hilti terminated her employment.

Morgan filed this suit, claiming that the heightened monitoring of her attendance record and the ultimate termination occurred because she had told her supervisors about her anorexia and depression or, alternatively, because she had filed a charge of discrimination and taken FMLA leave. Hilti denied any illegal

conduct and maintained that Morgan's excessive unscheduled absenteeism was the sole reason for its actions.

## II.    DISCUSSION

The analytical framework first pronounced in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973) guides our review of plaintiff's claims.  <u>See</u> <u>Williams v. Widnall</u>, 79 F.3d 1003, 1005 & n.3 (10th Cir. 1996) (explaining application of the analysis in cases arising under the ADA and the Rehabilitation Act, 29 U.S.C. § 791);[3] <u>see also</u> <u>Kaylor v. Fannin Reg'l Hosp., Inc.</u>, 946 F. Supp. 988, 999-1001 (N.D. Ga. 1996) (applying the analysis to an FMLA retaliation claim after a review of FMLA legislative history).  In the summary judgment context, a plaintiff initially must raise a genuine issue of material fact on each element of the prima facie case, <u>see</u> <u>Lowe v. Angelo's Italian Foods, Inc.</u>, 87 F.3d 1170, 1174 (10th Cir. 1996), as modified to relate to differing factual situations, <u>see</u> <u>Randle</u>, 69 F.3d at 451, n.13.

---

[3]    The <u>McDonnell Douglas</u> burden-shifting analysis is appropriate in disability discrimination cases such as the present one, in which the plaintiff has no direct evidence of discrimination and the employer disclaims reliance on the plaintiff's disability for an employment decision.  If the employer admits that the disability played a prominent part in the decision, or the plaintiff has other direct evidence of discrimination based on disability, the burden-shifting framework may be unnecessary and inappropriate.  <u>See</u> <u>White v. York Int'l Corp.</u>, 45 F.3d 357, 361 n.6 (10th Cir. 1995); <u>see also</u> <u>Monette v. Electronic Data Sys. Corp.</u>, 90 F.3d 1173, 1184-85 (6th Cir. 1996).

After establishment of a prima facie case, the burden shifts to the employer to offer a legitimate nondiscriminatory reason for its employment decision. Randle, 69 F.3d at 451. If the employer comes forward with a nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show that "there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual--i.e., unworthy of belief." Id. Demonstrating pretext gets plaintiff "over the hurdle of summary judgment." Id. at 452 (quoting Ingels v. Thiokol Corp., 42 F.3d 616, 622 n.3 (10th Cir. 1994)).

Pretext can be shown by "'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" Olson v. General Elec. Astrospace, 101 F.3d 947, 951-52 (3d Cir. 1996) (quoting Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (further citation omitted)). "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988).

**A.** **DISCRIMINATION BASED ON DISABILITY**

The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA, a plaintiff must demonstrate: (1) that she is a disabled person within the meaning of the ADA, see MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996); (2) that she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodation, see id.; and (3) that the employer terminated her employment under circumstances which give rise to an inference that the termination was based on her disability, see White v. York Int'l Corp. 45 F.3d 357, 361 n.6 (10th Cir. 1995).

The final prong of the test requires the plaintiff to present some affirmative evidence that disability was a determining factor in the employer's decision. See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 59 (4th Cir. 1995). This burden is "'not onerous,'" id., (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)), but it is also "not empty or perfunctory," Ennis, 53 F.3d at 59. The plaintiff must present evidence that, if the trier of fact finds it credible, and the employer remains silent, she would be entitled to judgment as a matter of law. Id.

For purposes of our summary judgment review, we assume without deciding that Morgan has demonstrated a genuine issue of fact as to each aspect of the prima facie case described above. Thus, the burden has shifted to Hilti to offer a legitimate reason for the monitoring of her attendance and the eventual termination of her employment. As is apparent from the background information, Hilti has justified its actions by stating that Morgan's level of unscheduled absenteeism was unacceptable and detrimental to its operations. With this explanation, Hilti has carried its burden and Morgan must establish a genuine dispute as to whether Hilti's actions were pretextual. She has not done so.

Morgan does not contest the accuracy of Hilti's record of her attendance, question Hilti's account of the reasons for her absences, or deny that she received explicit warnings about the potential consequences of excessive absenteeism. Instead, she responds with various complaints based on her own perceptions of fairness: that she was not disciplined for poor attendance before Hilti learned of her disability; that no other employee's attendance was so closely monitored; and that her year-end reviews showed no problem with her job performance except for the absenteeism issue.

These contentions are of little legal significance under the circumstances of this case. In light of Morgan's attendance record, Hilti's monitoring of her attendance after it learned of her anorexia nervosa and depression supplies no

negative inference. A satisfactory showing that similarly situated employees, who do not belong to the protected class, were treated differently with regard to violation of a work rule could have lent support to the pretext argument. Cf. EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir. 1992). However, Morgan did not show that any other Hilti employee had a record of unscheduled absences similar to her own. Finally, it is of no importance that, except for the attendance problem, her performance was acceptable to Hilti.

Even though all doubts concerning pretext must be resolved in plaintiff's favor, a plaintiff's allegations alone will not defeat summary judgment. See Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994). Morgan has been unable to point to any implausibilities, inconsistencies, or contradictions in Hilti's course of conduct. We hold that Morgan failed to create a genuine issue about the sincerity of Hilti's concerns with her attendance record and that summary judgment is proper.

## B. RETALIATION FOR FILING A CHARGE OF DISABILITY DISCRIMINATION

Morgan contends that retaliation for filing a charge of disability discrimination with the EEOC was an additional illegal reason for terminating her employment. To establish a prima facie case of reprisal, a plaintiff must show (1) protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal

connection between the employee's action and the employer's adverse action.  See
Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir. 1996) (Title VII case).
It is undisputed that Morgan has satisfied the first and second elements of the
prima facie case.  It is questionable whether she has made a sufficient showing on
the third element.

Even assuming that Morgan has established a prima facie case of
retaliation, we cannot find that she has raised an inference of pretext.  Hilti issued
oral and written warnings about the consequences of poor attendance both before
and after August 3, 1994, when she filed the charge of discrimination.  The
additional warnings, followed by discharge on January 16, 1995, simply
completed the disciplinary process already set in motion.  Morgan's circumstances
are unlike those of the plaintiff in Marx v. Schnuck Markets, Inc., 76 F.3d 324,
329 (10th Cir.), cert. denied, 116 S. Ct. 2552 (1996), in which this court found a
genuine issue of fact concerning retaliatory intent when the pattern of conduct
began soon after the filing of a charge and later culminated in actual discharge.

On the record before us, we conclude that Morgan has not cast doubt on
Hilti's facially nondiscriminatory explanation for its actions.  Therefore, she has
not carried her burden of proof on the claim that she was disciplined in retaliation
for filing an ADA charge.  See Reynolds v. School Dist. No. 1, 69 F.3d 1523,
1536 (10th Cir. 1995) (Title VII case).  Summary judgment was properly entered.

## C.    RETALIATION FOR EXERCISE OF FMLA RIGHTS

Finally, Morgan asserts a violation of 29 U.S.C. § 2615(a)(2) on the theory that she was disciplined for taking the FMLA leave from March 29 through May 11, 1994.  In this context,  plaintiff's prima facie case consists of a showing that  (1) she availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the two actions.  Morgan has established a prima facie case of FMLA retaliation, in that Hilti sent her a letter of discipline concerning attendance problems on the day she returned from the leave.  However, as discussed above, Hilti has expressed the legitimate nondiscriminatory reason of excessive absenteeism and Morgan has offered no evidence suggesting that Hilti was not actually concerned about her attendance.   Accordingly, we affirm the district court's grant of summary judgment on this claim.

AFFIRMED