**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OSBAND J. HOLMES,

Plaintiff-Appellant,

v.

THE BOEING COMPANY,

Defendant-Appellee.

No. 98-3056
(D.C. No. 96-CV-1424)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Osband J. Holmes appeals from a summary judgment granted in favor of defendant Boeing Company, which was his former employer. Plaintiff alleges that defendant violated the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654 (Supp. 1998), when it terminated his employment after he had taken medical leave. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## I. Background facts

The following facts are undisputed. Plaintiff began working for defendant in 1986 and had attendance problems in 1989 through 1991. See Appellee's Supp. App. at 37-50. He was diagnosed with an ulcer at least by November 22, 1994. He missed several weeks of work between September 13 and October 19, 1994, and failed to comply with defendant's or the FMLA's leave requirements. See id. at 39. Instead of discharging him, however, on October 19 defendant counseled him on the need to comply with defendant's absence policies and allowed him to take retroactive FMLA leave. See id. He was instructed that the FMLA did not provide for unauthorized absences, see Appellant's App. at 12, and that if he was going to miss any more work because of illness, he would need to speak directly to his supervisor or his personnel representative, see Appellee's Supp. App. at 74-75. On November 1st and 3rd, 1994, plaintiff missed work but complied with defendant's requirements and was granted additional FMLA leave.

-2-

See Appellant's App. at 17. He was again absent from work from November 10 through November 22. He testified that he called Bill Johnson, his union steward on the 10th and told him he was ill, see Appellee's Supp. App. at 80-81, and there is evidence that he called an automated absence reporting line on November 14 and 16, stating that he was ill, see Appellant's App. at 17. Plaintiff admits, however, that he never talked with either his supervisor or his personnel manager as he had been instructed to do. See Appellee's Supp. App. at 80. His reason for not calling as instructed was that, according to the employee manual, "when you're absent, you call absentee reporting." Id. at 74, 89. On November 22 defendant terminated plaintiff's employment because of extended absence. See Appellant's App. at 17. On the same day, Plaintiff brought in an undated note from his doctor that stated only that he "was seen today. Diagnosis: pyloric ulcer . . . needs endoscopy." Id. at 16.

## II. Standard of review

We review the district court's grant of summary judgment de novo. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). In conducting that review,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine [whether] the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the

nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

Id. (quotations and citations omitted).

## III.  Discussion

The FMLA entitles an eligible employee to take a total of twelve workweeks of leave during any twelve-month period for serious health conditions that make the employee unable to perform his/her job functions.    See 29 U.S.C. § 2612(a)(1)(D).  Section 2615(a)(1) prohibits employers from interfering with, restraining, or denying the exercise of or attempt to exercise FMLA rights.  The FMLA also provides that if an employee takes FMLA leave, he/she is entitled on return from such leave to be restored to his/her former position of employment or to an equivalent position.    See § 2614(a)(1).  Section 2614 also provides that:

> [n]othing in this subsection shall be construed to prohibit an employer from requiring an employee on leave under section 2612 of this title to report periodically to the employer on the status and intention of the employee to return to work.

29 U.S.C. § 2614(a)(5).  In its summary judgment motion, defendant argued that plaintiff was not entitled to FMLA leave (1) because he never asked for leave until after he was terminated; (2) because he failed to provide defendant with adequate and timely notice of the reason for his absences; and (3) because he

could not establish that he was incapacitated by a "serious health condition."     See Appellee's Supp. App. at 15.  For summary judgment purposes, the district court assumed that plaintiff's November absences were covered under the FMLA and that he would have been entitled to leave.     See id. at 119.  The court concluded, however, that under section 2614(a)(5) and the facts leading to plaintiff's termination, defendant properly refused to restore plaintiff's employment position and that plaintiff's discharge was justified.     See id. at 120.

On appeal, plaintiff argues that calling his union steward and the automated line was sufficient notice to defendant of the need for FMLA leave because defendant's reporting requirements violated 29 C.F.R. § 825.303(a). According to plaintiff, section 825.303(a) allows an ill employee at least two working days to give notice to an employer of the need for FMLA leave when the need for leave is not foreseeable and prohibits an employer from imposing additional requirements. We disagree.  Section 825.303(a) states that an employee should give his/her employer notice of the need for FMLA leave

> as soon as practicable under the facts and circumstances of the
> particular case.  It is expected that the employee will give notice . . .
> within no more than one or two working days of learning of the need
> for leave, except in extraordinary circumstances where such notice is
> not feasible.  In the case of a medical emergency requiring leave
> because of an employee's own serious health condition . . . written
> advance notice pursuant to an employer's internal rules . . . may not
> be required when FMLA leave is involved.

Thus, only in emergencies are an employer's advance written-notice requirements precluded by this section, and the "_no more than_" one-to-two day delay in notifying an employer is the outer limit of reasonable notice. The FMLA does not prohibit an employer from requiring its employees to give notice to specific company supervisors on the day the employee is going to be absent in a nonemergency situation, as in this case. See 29 U.S.C. § 2614(a)(5). Plaintiff has not alleged that his physical condition was such that he could not comply with defendant's reasonable notice requirements.

Plaintiff next argues that § 2614(a)(5) is inapplicable because it applies only to those employees already on FMLA leave. This argument ignores the district court's assumption for summary judgment purposes that plaintiff *was* on FMLA leave when defendant refused to restore him to his employment position, and therefore fails.

Citing Richmond v. Oneok, Inc., 120 F.3d 205, 209 (10th Cir. 1997), plaintiff next argues that because the district court assumed that he was entitled to FMLA leave for the November absences, to avoid summary judgment on an FMLA retaliation claim, [1] he was required only to present evidence of absence

_____

[1]    Because plaintiff's complaint is not part of the record on appeal, we do not know whether he in fact originally asserted an FMLA retaliation claim. The district court's order states that he asserted a claim for violation of the FMLA and a *state law* retaliatory discharge claim, see Appellee's Supp. App. at 116, but then
(continued...)

-6-

from work because of a serious health condition and adverse action taken by defendant closely following that absence. Although it appears that the district court's ruling on a retaliation claim was unnecessary because plaintiff had not pleaded or otherwise raised an FMLA retaliation claim, assuming that such a claim was raised, we hold that the court properly analyzed the claim under Morgan v. Hilti, Inc., 108 F.3d 1319 (10th Cir. 1997). In Morgan we stated that when a plaintiff has made a prima facie showing that he/she has been terminated in retaliation for exercising rights under the FMLA,

> the burden shifts to the employer to offer a legitimate nondiscriminatory reason for its employment decision. If the employer comes forward with a nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show that "there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual--i.e., unworthy of belief."
>
> . . . "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."

Id. at 1323 (quotations and citations omitted). Plaintiff has failed to offer any evidence that defendant's proffered reasons for discharge--plaintiff's excessive

---

[1](...continued)
states that "[u]nder the facts of this case, [plaintiff] is making *three* FMLA claims," including one for retaliation for seeking leave or for previously using leave under the FMLA, id. at 119 (emphasis added). The pretrial order does not contain any FMLA retaliation issues or claims. See id. at 2-4. Defendant's summary judgment motion did not mention FMLA retaliation claims. See id. at 15.

absenteeism and failing to follow specific instructions when he was going to be absent from work--were pretextual.  Cf. id. at 1324-25;  Richmond , 120 F.3d at 209 (stating that to avoid summary judgment plaintiff must carry its burden of presenting evidence from which pretext may be inferred when employer has met burden of giving legal, nonretaliatory reason for discharge).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge