**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY SETTLE,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2312

S. W. RODGERS COMPANY,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-98-125-A)

Submitted: February 26, 1999

Decided: July 12, 1999

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele Scott Bellizaire, Manassas, Virginia, for Appellant. Joseph
H. Kasimer, Lesa Leonard Byrum, KASIMER & ITTIG, P.C., Falls
Church, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Settle appeals from the district court's order granting summary judgment in favor of Defendant S. W. Rodgers Company, Inc. ("Rodgers"), on Settle's action alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 1994 & Supp. 1998), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. §§ 2601-2619 (West 1999). We affirm.

Settle was employed by Rodgers as a diesel mechanic from 1986 until May 1995. In June 1994, Settle injured his right shoulder in a work-related accident. Settle reported the accident to Rodgers' Director of Human Resources, and a worker's compensation report was filed. A few days after the accident, Settle went to see Dr. W. Bartley Hosick, an orthopedic surgeon, for an evaluation. Dr. Hosick diagnosed the injury as a possible rotator cuff tear, placed Settle on a physical therapy program, and limited Settle to light duty work. Settle eventually returned to full duty, but by January of 1995 was again experiencing pain and stiffness in his right shoulder. He returned to Dr. Hosick for reevaluation, and Dr. Hosick recommended surgery.

Settle underwent surgery on his shoulder in February 1995. Settle requested and received four weeks' paid leave of absence from Rodgers to recover from the surgery and informed Rodgers that Dr. Hosick ordered him to return to only light duty work following the four-week leave of absence. Rodgers granted the leave of absence, and Settle was told that he could receive two-thirds of his weekly salary while he was absent under Rodgers' workers compensation plan. Settle was not given any information about the possibility of taking unpaid leave under the FMLA. Because Settle determined that two-thirds of his salary would be insufficient to meet his obligations, Rodgers agreed to pay Settle eighty percent of his average weekly salary while he was out of work. Rodgers further agreed to pay Settle ninety percent of his average weekly salary when Settle returned to light duty work.

When Settle returned to work in late March, Rodgers assigned a young apprentice, Thomas Noland, to assist Settle in doing any lift-

2

ing, carrying or pushing that Settle was unable to do. Although Settle felt that the arrangement was not fully satisfactory because Noland was not there for Settle's full work day, Settle never requested any accommodation from Rodgers or informed Rodgers that Noland's help was insufficient. When Noland was not there, other mechanics were available to help Settle as needed, and no one ever refused to help Settle.

As ordered by Dr. Hosick, Settle attended physical therapy sessions three times a week after the surgery, including when he returned to work. He arranged for and attended the therapy sessions on work time. He did not know of any FMLA rights he might have in connection with the therapy and did not request any unpaid leave to go to therapy. However, Settle was not penalized by a reduction in pay for the time missed from work due to therapy.

After a few weeks back on the job, Settle noted a significant improvement in his shoulder condition and he felt confident that it would heal. In late April, Settle informed Rodgers that he was now available for regular duty. Accordingly, Settle began to receive his full salary. By May, Settle had reacquired a full range of motion and had decreased pain. Settle stopped going to physical therapy on Dr. Hosick's direction and canceled his last appointment.

When Settle first returned to work in March, he had a conference with his supervisor, James Hodge. Hodge warned Settle that he was taking too long to get his work done and that he "roamed" the shop too much. Hodge complained that Settle did not stay in his work area and talked too often to other mechanics. Other supervisors also warned Settle that he roamed outside his work area too often, talking to other mechanics and taking up their work time. Hodge and other supervisors also warned Settle that he received an excessive number of personal phone calls. During the time period after he returned to work, Settle received numerous phone calls from his ex-wife relating to child support, from his current girlfriend, and from various bill collectors.

Rodgers terminated Settle in mid-May 1995 for excessive personal phone calls and for roaming. Within two weeks of being fired, Settle obtained another job as a diesel mechanic. He was not provided with

3

a helper as he had been at Rodgers, but was told that other mechanics would be there to help him if needed. Settle felt that this arrangement was reasonable.

After Settle began work at his new job, his shoulder deteriorated, and in November 1995 he underwent a second surgery. He did not regain a full range of motion on his shoulder nor complete relief from pain, and Dr. Hosick diagnosed Settle in March 1996 as having a permanent disability. In April 1996, Dr. Hosick noted that Settle was cleared for full time medium to heavy demand work, and he noted that Settle was investigating a job as an auto mechanic, which Dr. Hosick felt that Settle could manage.

In January 1998, Settle filed a complaint against Rodgers alleging discrimination under the ADA, willful interference with Settle's statutory rights under the FMLA, and retaliation under both statutes.* The district court granted Rodgers' motion for summary judgment on the grounds that Settle could not show he was disabled under the ADA, as at the time of his termination from Rodgers, his ability to work was not substantially limited by the shoulder injury. Even assuming that Settle could show that he qualified as disabled under the ADA, he could not rebut Rodgers' legitimate non-discriminatory reasons for Settle's termination. Further, Settle could not show that he engaged in any protected activity under the ADA to support a claim for retaliation. As to Settle's claims of willful FMLA violations, the district court held that although Rodgers failed to inform Settle of his FMLA right to take unpaid leave, there was no evidence that such failure was willful. Further, the court found that there was no support for Settle's contention that he was terminated because he availed himself of his FMLA rights and thus no support for Settle's claim that he was terminated in retaliation for exercising his rights under the FMLA. Settle timely appealed.

_____

*The district court noted that although the FMLA contains a general two-year statute of limitations, Settle's FMLA claims were not time-barred to the extent that he alleged "willful" violations of the FMLA, to which a three-year statute of limitations applies. See 29 U.S.C.A. § 2617(c)(2).

4

We review the district court's grant of summary judgment de novo. See Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997). Settle cannot make out a prima facie case of discrimination under the ADA because he cannot show that he was a qualified individual with a disability at the time of his discharge. See Griffith v. Wal-Mart Stores, Inc., 135 F.3d 376, 380 (6th Cir. 1998); Halperin, 128 F.3d at 197-200; Harrington v. Rice Lake Weighing Sys., Inc., 122 F.3d 456, 458, 461 (7th Cir. 1997). Assuming that Settle's shoulder condition qualifies as a physical impairment, he fails to show that it substantially limited the major life activity of working at the time of his termination. See 42 U.S.C.A. § 12102(2)(A). Settle was able to perform light duty work four weeks after the surgery and within two months was well enough to return to his full work load. He stopped going to physical therapy, and reacquired a full range of motion. Within two weeks of termination from Rodgers, Settle found comparable work as a diesel mechanic. Settle's shoulder condition thus did not "significantly restrict" his ability to perform a wide range of jobs, and he cannot show that he was disabled under the ADA. See Halperin, 128 F.3d at 199-200; Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 1844 (1997). Further, Settle failed to rebut Rodgers' legitimate, non-discriminatory reasons for terminating him: Settle often roamed outside of his work area, wasting his own time and that of other mechanics, and he received excessive personal phone calls. See Halperin, 128 F.3d at 196. To the extent Settle asserts a retaliation claim under the ADA, he fails to show that he ever engaged in any protected activity or any causal connection between any assumed protected activity and his termination. See Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989).

The FMLA prohibits any attempt by employers to interfere with or deny the exercise of FMLA rights. See 29 U.S.C.A. §§ 2615(a)(1), 2617. Because Settle's claims accrued between March and May 1995, when he was terminated, they are time-barred by the FMLA's general two-year statute of limitations except to the extent that Settle can show a "willful" violation. See 29 U.S.C.A. § 2617(c). A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132-35 (1988). To prove a willful

5

violation, Settle must show more than that Rodgers was merely negligent in failing to inform him of his FMLA rights. See id. at 133-35.

Here, there was no evidence that Rodgers' failure to inform Settle of his entitlement to unpaid leave under the FMLA was more than mere negligence. Further, Settle received as much leave as he needed to recover from the surgery, which leave was not unpaid but paid at eighty percent of his usual salary. In addition, Settle attended therapy sessions on company time. As to Settle's retaliation claim under the FMLA, Settle failed to show that he was terminated on account of any assumed availment of his FMLA rights. See Hodgens v. General Dynamics Corp., 144 F.3d 151, 161 (1st Cir. 1998); Morgan v. Hilti, Inc., 108 F.3d 1319, 1325 (10th Cir. 1997).

We affirm the district court's grant of summary judgment in favor of Rodgers. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED