**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PEGGY SUE TUTTON,

       Plaintiff - Appellant,

       v.

ABC SUPPLY CO., INC.,

       Defendant - Appellee.

No. 98-5262
(D. Ct. No. 97-CV-564-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **BRISCOE**, Circuit Judges, and **ROGERS**[†], District Judge.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Tutton sued defendant ABC Supply Co., her former employer, alleging a hostile work environment and sexual discrimination in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[†]The Honorable Richard D. Rogers, Senior District Judge for the District of Kansas, sitting by designation.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).  The district court granted summary judgment to defendant on both claims, and plaintiff filed a timely appeal.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I.**

ABC operates a facility in Tulsa, Oklahoma, which distributes roofing, siding and window materials.  Tutton began working for ABC in August 1993.  She was hired to manage inventory control but also worked part-time in outside sales.  In 1995, Tutton became a full-time salesperson with responsibility over her own accounts.

Tutton alleges that male ABC employees engaged in various forms of inappropriate behavior during 1995 and 1996.  One ABC branch manager referred to Tutton as a "heifer" or a "barfly."  He also, on at least one occasion, made an off-color reference to prostitutes in her presence.  Another male employee once dialed a pornographic telephone number and broadcast the message over the company's intercom system.  The male employees used the restroom assigned to women despite objections from the female employees.  A male employee also appeared one night at Tutton's house uninvited.  On another occasion, an ABC supervisor directed Tutton to continue an inventory count even though she was feeling ill.  Finally, Tutton discovered that her desk had been rearranged and her chair lowered on numerous occasions.

Tutton claims that male ABC employees also compromised her sales performance. An ABC manager did transfer a sales account from Tutton to a male sales agent, but the manager transferred another account to Tutton at the same time. Tutton also charges that delivery problems undermined her efforts on key accounts. She further claims that the branch manager canceled lunch appointments with her while he kept appointments with male salespersons, evidencing a gender bias in his treatment of ABC staff.

Tutton's sales for 1995 totaled approximately $604,109. Her sales goal for 1996 was $1,500,000, which she confirmed in writing. Through May of 1996, Tutton's sales amounted to approximately $285,813. Tutton acknowledges that the branch manager urged her at least once in 1996 to increase her sales. On June 11, ABC discharged Tutton, citing her poor sales performance. After filing a charge of discrimination with the Equal Employment Opportunity Commission, Tutton brought suit in federal court, claiming violations of Title VII.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we examine the factual record and draw reasonable inferences therefrom in the light most favorable to the non-moving party. Penry v. Federal Home Loan Bank, 155 F.3d 1257, 1261 (10th Cir. 1998), cert. denied, 119 S. Ct. 1334 (1999).

## A.

Plaintiff first claims that ABC created a hostile work environment in violation of Title VII. To survive summary judgment on a hostile environment claim, a plaintiff "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. (internal quotation marks and citation omitted). Title VII does not proscribe conduct "merely tinged with offensive sexual connotations." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). Consequently, in the context of a hostile environment claim, courts must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Forager v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotation marks and citation omitted). Moreover, "[i]f the nature

4

of an employee's environment, however unpleasant, is not due to her gender, she has not been the victim of sex discrimination." Winsor v. Hinckley Dodge, Inc., 79 F.3d 996, 1000 (10th Cir. 1996) (internal quotation marks and citation omitted).

In dismissing Tutton's hostile environment claim, the district court found no genuine issue of material fact suggesting that ABC's male employees created a hostile work environment. We agree. We do not doubt that Tutton found her workplace unpleasant at times. However, the indignities she suffered were episodic and ambiguous and thus not sufficiently severe or pervasive to alter the conditions of her employment. See Penry, 155 F.3d at 1260-63 (affirming a grant of summary judgment on hostile environment claims where the plaintiffs' supervisor (a) asked if women have "wet dreams," (b) complimented one plaintiff on her exposed bra strap, (c) made a double entendre concerning a female assistant's "drawers," (d) asked one plaintiff what she was wearing under her dress, and (e) took one plaintiff to dine at Hooters).

The district court also recognized that, for the most part, the ABC employees did not appear to be motivated by gender animus. Nevertheless, the court properly considered all alleged incidents in its assessment of the work environment and dismissed plaintiff's claim accordingly. Id. at 1262-63 (stating that a district court should examine the totality of circumstances when ruling on

5

summary judgment in a hostile environment case).

B.

Plaintiff's second claim is that ABC engaged in sexual discrimination in violation of Title VII. To establish a prima facie case of gender discrimination, Tutton must demonstrate that (1) she belonged to the protected class, (2) she was adversely affected by her discharge from ABC, (3) she was qualified for the sales position, and (4) she was treated less favorably than her male counterparts. Cole v. Radios Mun. Sch., 43 F.3d 1373, 1380 (10th Cir. 1994). If Tutton can establish her prima facie case, then the burden shifts to ABC to offer a legitimate, nondiscriminatory reason for the discharge. See Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997) (ADA claim). If ABC provides a facially nondiscriminatory explanation, then the burden reverts to Tutton to show "a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual -- i.e., unworthy of belief. Demonstrating pretext gets plaintiff over the hurdle of summary judgment." Id. at 1323 (internal quotation marks and citations omitted).

The district court, in its ruling from the bench, questioned whether Tutton had established her prima facie case and then proceeded to evaluate ABC's proffered reason for the discharge, namely Tutton's apparent inability to meet her sales goal. In its subsequent written order, the court indicated that Tutton had not

6

established her prima facie case. Nevertheless, the court went on to find that no rational jury could conclude that ABC's explanation for the firing was pretextual.

Given the nature of the district court's findings, we will assume without deciding that Tutton has satisfied her prima facie case. See Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1316 & n.11 (10th Cir. 1999). ABC justified the discharge based on her poor sales performance. Tutton admits to her sales goal and to her subpar sales numbers. She does not allege that ABC set her goal any higher than the goals of other male agents. While we resolve all doubts in favor of Tutton, we agree with the district court that she did not clear the pretext hurdle. There is no evidence in the record that creates a genuine issue of material fact suggesting that ABC's explanation was unworthy of belief.

**AFFIRMED**.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

7