[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO STRIKE
The defendant Waterbury Extended Care Facility, Inc. moves to strike all five counts of plaintiff Lisa Spryngel's April 10, 2000 amended complaint. Spryngel objects to the defendant's motion only as to counts two and four.
In her amended complaint the plaintiff alleges that she was employed by the defendant as a registered nurse and Assistant Director of Nursing at the Waterbury Extended Care Facility. In October 1998, the plaintiff underwent surgery requiring that she take a one month leave of absence from work. In January, 1999, the plaintiff required additional surgery. As a result of post surgical complications, she sought and obtained another leave of absence. Pursuant to the defendant's policies, an employee is entitled to a leave of absence for up to 26 weeks for medical or family related reasons. Prior to the expiration of the 26 week period, the plaintiff was cleared by her physician to return to work without restriction. Despite the medical clearance, the defendant terminated the plaintiff's employment. Notice of her termination was provided to the plaintiff prior to the expiration of her 26 week leave of absence.
In count two of her amended complaint, the plaintiff alleges that the failure of the defendant to comply with the terms of its leave policy, as set forth in Employee Handbook, constitutes "misrepresentation". In count four, the plaintiff asserts that the defendant violated the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. in that it incorrectly calculated the 26 week period to which the plaintiff was entitled to leave pursuant to the Family Medical Leave Act. The defendant moves to strike both counts, alleging that the plaintiff has failed to state a cognizable cause of action. The standard for reviewing a motion to strike CT Page 8591 is well established. Pursuant to Connecticut Practice Book § 10-39, a motion to strike challenges the legal sufficiency of a complaint. It admits all facts pleaded. The allegations must be construed in the light most favorable to the plaintiff. Mingachos v. CBS, 196 Conn. 91 (1985).
Count two of plaintiff's amended complaint is styled misrepresentation." In her memorandum in opposition to the motion to strike, the plaintiff specifies that the second count sets forth a claim for negligent misrepresentation. In D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 218 (1987), our Supreme Court defined the claim of negligent misrepresentation. "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotations and citations omitted.) A properly pled claim for negligent misrepresentation must allege, therefore, that the defendant provided the plaintiff with false information, that such information was negligently obtained or communicated by the defendant and that the plaintiff relied on such information.
In the second count of her amended complaint, the plaintiff fails to allege that the defendant's representations concerning the terms and conditions of its medical leave policy were false and that such information was negligently communicated to the plaintiff who relied on such information. Accordingly, the defendant's motion to strike count two of the amended complaint is granted.
In count four, the plaintiff alleges a violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. She alleges that the defendant improperly calculated the period of time it was obligated to keep available plaintiff's position by including the period of time that the plaintiff was on leave pursuant to the Family Medical Leave Act. The defendant seeks to strike this count, arguing that under Morgan v.Hiliti, 108 F.3d 1319 (1st Cir. 1997), a plaintiff invoking the protection of the Family Medical Leave Act must allege that (1) she exercised her protected rights under the FMLA; (2) she suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse decision. Defendant argues that in her fourth count the plaintiff does not adequately allege that she exercised rights protected by the FMLA.
Defendant's claim is based on too narrow a reading of the scope of the FMLA. Pursuant to regulations adopted by the Secretary of Labor;29 C.F.R. § 825.220 (b); Brannon v. OSHKOSH B'GOSH, 897 F. Sup. 1028
CT Page 8592 (M.D. Tenn.1995); "[a]ny violation of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." In addition Sec. (c) of the regulations prohibits an employer from discriminating against employees who have used FMLA leave. Construed in the light most favorable to the plaintiff, her allegations assert a violation of the FMLA arising out of the defendant's erroneous calculation of time available to her under the Act resulting in the plaintiff's termination. Such a claim, if proven, would constitute a violation of the Act. Accordingly, defendant's motion to strike count four is denied.
For the foregoing reasons, the defendant's motion to strike count two of the plaintiff's amended complaint is granted and denied as to count four.
SO ORDERED.
 ____________________ J. ROBERT L. HOLZBERG