**Ann RIDGE, Plaintiff**

v.

## CAPE ELIZABETH SCHOOL DEPARTMENT, Defendant.

No. 98–292–P–C.

United States District Court, D. Maine.

Dec. 2, 1999.

Robert W. Kline, Portland, ME, for plaintiff.

Jerrol A. Crouter, Melissa A. Hewey, Drummond, Woodsum, Plimpton & MacMahon, Portland, ME, for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Now before the Court is Plaintiff Ann Ridge's Consolidated Motion for Relief From Judgment Under Rule 60(b); For Amendment of Statement of Material Facts Nunc Pro Tunc; To Amend the Judgment Under Rule 59(e); and For Reconsideration ("Motion for Relief") (Docket

No. 24). Plaintiff requests that the Court review its finding, rendered in its October 27, 1999, Memorandum of Decision and Order (the "Decision") (Docket No. 22), that Plaintiff failed to demonstrate any genuine issues of material fact with regard to the issue of pretext as it related to her actual disability discrimination claim in Count I of the Amended Complaint (Docket No. 2). *See* Plaintiff's Motion for Relief at 1.

The Court, after reconsideration of its October 27, 1999 Decision, concludes that Plaintiff's Motion for Relief will be denied.

## BACKGROUND

On August 13, 1998, Plaintiff brought a discrimination action against Defendant as a result of its termination of Plaintiff's employment. *See* Complaint (Docket No 1), Amended Complaint (Docket No. 2). In Count I of her Amended Complaint, Plaintiff alleged that Defendant had discriminated against her on the basis of a shoulder disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). *See* Amended Complaint, Count I. On May 3, 1999, Defendant filed a Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion for Summary Judgment") (Docket No. 9) as to all counts of Plaintiff's Amended Complaint. Thereafter, on October 27, 1999, the Court granted Defendant's Motion for Summary Judgment in its entirety. *See* Decision; Judgment (Docket No 23).

In its Decision, the Court, after applying the shifting-burden test set forth in *McDonnell Douglas* to Count I of the Amended Complaint, found that Plaintiff had established a *prima facie* case of actual disability discrimination. *See* Decision at 10. The Court also found that Defendant had offered a legitimate, nondiscriminatory reason for Plaintiff's termination. *Id.* at 12. As such, the Court conducted an exhaustive examination of the record, *see* Decision at 12–17, to determine whether Defendant's stated reasons for Plaintiff's termination were pretextual. *Id.* Ultimately, however, the Court found that Plaintiff had not "presented anything 'but conclusory allegations, improbable inferences, and unsupported speculation' in support of her claim that Defendant's stated reason for her termination was merely a pretext for a true discriminatory animus." *Id.* at 17. As a result, the Court concluded that Plaintiff's failure to carry her burden of proof with regard to her disability claim in Count I of the Amended Complaint entitled Defendant to summary judgment on that count. *Id.* at 27–28. It is from this finding that Plaintiff seeks relief.

## DISCUSSION

In her Motion for Relief, Plaintiff argues that the Court improperly granted summary judgment in favor of Defendant on Plaintiff's ADA claim in Count I of the Amended Complaint because the "evidentiary threshold for establishing pretext is low." *See* Plaintiff's Motion for Relief at 3–4. Plaintiff argues, therefore, that when the evidence of pretext which she presented in opposition to the Motion for Summary Judgment is viewed in its proper context, it is clear that she put forth a sufficient evidentiary basis to create, at the very least, a factual dispute as to whether Defendant's stated reasons for her termination were pretextual. *Id.* at 3–5. As such, Plaintiff concludes, the Court inappropriately rendered summary judgment in favor of Defendant on Count I of the Amended Complaint. *See Id.* at 3.

Plaintiff's argument, however, evidences a fundamental misunderstanding of the shifting-burden framework enunciated in *McDonnell Douglas* by which discrimination claims are analyzed; and it is this fundamental misunderstanding that is ultimately fatal to her Motion for Relief. Specifically, Plaintiff's argument that "the evidentiary threshold for establishing pretext is low" is simply incorrect.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court established the framework by which discrimination claims were to be analyzed. Specifically, under *McDonnell Douglas*, a plaintiff first has the burden of presenting a *prima facie* case of discrimination. *See Jacques v. Clean–Up Group, Inc.*, 96 F.3d 506, 511 (1st Cir.1996). The defendant then has to offer a legitimate nondiscriminatory reason for its negative employment action. *See Watkins v. J&S Oil Co.*, 977 F.Supp. 520, 524 (D.Me.1997), *aff'd*, 164 F.3d 55 (1st Cir.1998). And if the defendant meets its burden of production, the plaintiff has the burden of proving that the defendant's "proffered reason [for the adverse employment action] was merely a pretext for disability discrimination." *Hodgens v. General Dynamics Corp.*, 963 F.Supp. 102, 107 (D.R.I.1997), *aff'd on other grounds*, 144 F.3d 151 (1st Cir.1998). Consequently, broken down into its component parts, the *McDonnell Douglas* framework sets forth a three-prong test for analyzing discrimination claims: (1) the *prima facie* case prong, (2) the legitimate reason prong, and (3) the pretext prong.

 With regard to the three prongs, it is well established that the evidentiary threshold for establishing the *prima facie* prong, vis-a-vis the second and third prongs of the *McDonnell Douglas* test, is "*de minimis*" and "not onerous." *See Texas Dep.'t of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Lehman v. Prudential Ins. Co. of America*, 74 F.3d 323, 327–28 (1st Cir.1996); *Stephenson v. State Street Bank & Trust Co.*, 924 F.Supp. 1258, 1273 (D.Ma.1996); *Barbour v. Dynamics Research Corp.*, 63 F.3d 32 (1st Cir.1995), *cert. denied*, 516 U.S. 1113, 116 S.Ct. 914, 133 L.Ed.2d 845 (1996). It is equally well established, however, that the "*de minimis*" threshold of proof standard does not extend beyond the *prima facie* case prong of the *McDonnell Douglas* test. *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 646 (3rd Cir.1998); *Gandelman v. Aetna Ambulance Service, Inc.*, 48 F.Supp.2d 169, 174 n. 1 (D.Conn. 1999); *Grottkau v. Sky Climber, Inc.*, 79 F.3d 70, 73 (7th Cir.1996). Therefore, here, Plaintiff's belief in the existence of a less exacting standard of evidentiary proof with regard to the pretext prong, as opposed to the *prima facie* case prong of *McDonnell Douglas*, is erroneous.

Indeed, Plaintiff's misconstruction of the *McDonnell Douglas* standard is most clearly evidenced by her reliance on the decision in *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997), in support of her argument. In *Morgan*, the district court found that the plaintiff had established a *prima facie* case of discrimination; nonetheless, the court granted the defendant's motion for summary judgment because the plaintiff had failed to carry its burden of proof with regard to the issue of pretext under *McDonnell Douglas*. *Id.* at 1321. Following a *de novo* review of the record, the Court of Appeals for the Tenth Circuit affirmed the district court's ruling because the plaintiff's evidence, even when viewed in a light most favorable to her as the nonmovant, "did not raise any material issues of fact as to [the defendant's] motivation" in terminating the plaintiff's employment. *Id.* at 1322. In reaching its conclusion, therefore, the Tenth Circuit did not apply a "*de minimis*" standard to the sufficiency of the plaintiff's evidence concerning the issue of pretext. *Id.*

In light of the foregoing, Plaintiff's argument that the Court inappropriately rendered summary judgment in favor of Defendant on Plaintiff's actual disability discrimination claim, because the Court applied the wrong legal standard to the Plaintiff's pretext evidence, is both legally unsupported and plainly inaccurate.[1]

---

1. The Court also notes that contrary to Plaintiff's suggestion in her Motion for Relief at 2, the Maine Law Court's decision in *Titcomb v.* *Saco Mobile Home Sales, Inc.*, 544 A.2d 754 (Me.1988), does not provide any authority for the Court's consideration, *nunc pro tunc*, of

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Relief be, and it is hereby, **DENIED**.

---

any additional evidence of pretext which was not originally included in Plaintiff's Statement of Material Facts (Docket No. 14). Therefore, although the Court observes that Plaintiff's additional evidence appears to be merely duplicative of the evidence already contained in the Statement of Material Facts, the Court declines to address Plaintiff's claim.