**Wendell E. ROBINSON,**
**Plaintiff–Appellant,**

v.

**Glen A. VINKE, individually and as the Bernalillo County Chief of Fire and Rescue; Dianne Brown, individually and as Administrative Manager of the Bernalillo County Fire and Rescue; and the Board of County Commissioners of the County of Bernalillo, Defendants–Appellees.**

**No. 01–2183.**

United States Court of Appeals, Tenth Circuit.

April 19, 2002.

Before TACHA, Chief Judge, BALDOCK and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

BALDOCK, Circuit Judge.

Plaintiff Wendell E. Robinson filed suit against his employer, Defendant County of Bernalillo, and his supervisors, Defendants Glen A. Vinke and Dianne Brown, alleging race discrimination, gender discrimination, and retaliation under Title VII and 42

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. §§ 1981, 1985(3), & 1983. The district court granted summary judgment in favor of Defendants on all claims.[1] Plaintiff appeals, arguing the district court improperly granted summary judgment where Defendants challenged Plaintiff's retaliation claim for the first time in Defendants' reply brief. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.

Plaintiff Wendell E. Robinson worked as an Administrative Assistant for Defendant County of Bernalillo. Robinson is African–American, and was the only male in the Fire Department's clerical support staff. In October 1998, Robinson complained to his supervisor, Defendant Dianne Brown, that he was being harassed and retaliated against based on his gender and race. Robinson sent another memo alleging harassment and a hostile work environment to Brown and Defendant Glen A. Vinke, Chief of Fire and Rescue, in January 1999.

On February 19, 1999, Vinke issued a notice of intent to suspend Robinson for three days. The notice was based on Robinson (1) failing to properly schedule inspections for Fire Inspectors; (2) refusing to perform duties related to coordination of hearings and complaints with the Metropolitan Court; and (3) exhibiting "a negative and uncooperative attitude toward co-workers and supervisors." This notice was followed by a notice of intent to terminate, issued on March 31, 1999. The termination was based on Robinson failing to ensure fellow employees were properly registered for an examination, providing "false and inconsistent information and statements," and exhibiting a negative and uncooperative attitude. Vinke amended the termination notice on April 7, 1999, adding several more allegations of Robinson's poor work performance. After a pre-disciplinary hearing, the County terminated Robinson's employment on April 13, 1999.

After receiving a right to sue letter from the New Mexico Human Rights Commission and the Equal Employment Opportunity Commission, Plaintiff filed suit against the County and his supervisors in federal district court.[2] Defendants moved for summary judgment on "all claims," but did not specifically discuss Plaintiff's retaliation claim in the opening brief. The word "retaliation" appears in Defendants' brief only where Defendants acknowledge that Plaintiff alleged a retaliation claim. Defendants' brief did not set out the standard for establishing a prima facie case of retaliation, and did not rebut any element of such a claim. After concluding an analysis of why summary judgment was appropriate, Defendants asserted that "as a matter of law, Defendant is entitled to summary judgment on Plaintiff's claim of race and sex discrimination." Defendants did not make a specific request for summary judgment on Plaintiff's retaliation claim.

In Plaintiff's response brief, Plaintiff pointed out that Defendants failed to challenge his retaliation claim: "Finally, Defendant has not even addressed Plaintiff's claim of retaliatory dismissal because

---

1. The Hon. Karen B. Molzen, United States Magistrate Judge, presided and entered final judgment by consent of the parties pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(b).

2. Plaintiff originally named as a defendant the American Federation of State, County and Municipal Employees, Council 18, Local 2260, AFL–CIO (AFSCME), because a union representative failed to timely file his grievance after his termination. By stipulation, AFSCME was dismissed from the suit. Plaintiff's breach of duty/fair representation claim was dismissed as moot after AFSCME was dismissed as a party.

Plaintiff engaged in protected activity in complaining of race and sex discrimination three times with the last being only two months prior to his termination and only one month prior to Defendants' notice of intent to suspend." Plaintiff then cited several cases for the proposition that protected activity closely followed by an adverse employment action is circumstantial evidence raising an inference of improper retaliatory motive.

In Defendants' reply brief, Defendants argued Plaintiff could not establish a prima facie retaliation case because Plaintiff's October 1998 memo complaining of harassment was too distant in time from his April 1999 termination to infer retaliation. Further, Defendants argued Plaintiff could not show Defendants' stated reason for termination, i.e., Plaintiff's poor work performance, was pretextual.

Under the District of New Mexico's motion practice rules, the motions package containing Defendant's motion, Plaintiff's response, and Defendant's reply, was forwarded as a complete package to the district court, to be decided on the briefs. D.N.M. LR–Civ. 7.3(a)(5) ("Once briefing is complete, Movant files with the Clerk, as a package, the original and one copy of all papers related to the motion."); D.N.M. LR–Civ. 7.8(a) ("A motion will be decided on the briefs unless the Court sets oral argument."). The district court granted summary judgment in favor of Defendants on all claims, including retaliation. The district court ruled Plaintiff failed to establish a prima facie case of retaliation because the October 1998 memo was too attenuated in time from Plaintiff's April 1999 termination to infer a causal link between the protected activity and the discharge. The court further found that Plaintiff failed to submit proof of any other written complaint lodged after October 1998.

## II.

Plaintiff argues the district court improperly granted summary judgment on the retaliation claim because Defendants did not raise the retaliation issue until their reply brief. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond."); *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277–78 (10th Cir.1994) (appellate courts generally will not consider issues raised for the first time in a reply brief). Defendants argue they addressed Plaintiff's retaliation claim in their initial motion by requesting relief on "all claims," by proffering legitimate reasons for Plaintiff's termination, and by arguing Plaintiff failed to demonstrate the proffered reasons were pretextual.

We examine Plaintiff's retaliation claim under the three-step burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir.1999). Under this framework, a plaintiff bears the initial burden of establishing a prima facie case. *Id.* A plaintiff establishes a prima facie case of retaliation by showing (1) he engaged in a protected activity, (2) he was subjected to an adverse employment action by his employer, and (3) a causal connection exists between the protected activity and the adverse employment action. *McCue v. State of Kan., Dep't of Human Res.*, 165 F.3d 784, 789 (10th Cir.1999). If a plaintiff makes this showing, the burden shifts to the defendant to "show that the adverse action was taken for a legitimate reason." *Id.* If the defendant articulates a legitimate explanation, the burden returns

to the plaintiff to show " 'there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e., unworthy of belief.' " *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir.1997) (quoting *Randle v. City of Aurora,* 69 F.3d 441, 451 (10th Cir.1995)).

Even if we agree Defendants failed to raise the retaliation claim in their initial brief and conclude Plaintiff could successfully establish a prima facie retaliation case on remand to the district court, Plaintiff raises no argument on appeal concerning the district court's ruling that he failed to demonstrate Defendants' legitimate explanations for his dismissal were pretextual. Plaintiff's "failure to address this issue in [his] appellate brief constitutes a waiver." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1161 (10th Cir.2000); *Coleman v. B–G Maint. Mgmt. of Colo., Inc.,* 108 F.3d 1199, 1205 (10th Cir.1997) ("Issues not raised in the opening brief are deemed abandoned or waived."). At oral argument, Plaintiff's counsel confirmed Plaintiff did not appeal and therefore has waived any challenges to the district court's other rulings. Although the district court granted summary judgment based on Plaintiff's failure to establish a prima facie case, we may affirm the district court on any basis supported by the record. *Citizen Potawatomi Nation v. Norton,* 248 F.3d 993, 1001 (10th Cir.2001); *United States v. Winningham,* 140 F.3d 1328, 1332 (10th Cir.1998). Plaintiff's retaliation claim relies on the same factual events as his race and gender discrimination claim. The district court ruled, and Plaintiff does not now challenge, that Plaintiff failed to raise a genuine issue of material fact as to whether Defendants' proffered reasons for terminating Plaintiff were pretextual. Accordingly, Defendants are entitled to summary judgment on Plaintiff's retaliation claim. *See Anderson,*

181 F.3d at 1180 (affirming district court's grant of summary judgment where Plaintiff established a prima facie retaliation case but failed to show defendant's proffered reason for the adverse employment action was unworthy of belief).

AFFIRMED.