**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUDITH A. MARTENS,

        Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

        Defendant-Appellee.

No. 02-6407
(D.C. No. 01-CV-1741-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Judith A. Martens sued her employer, the United States Postal Service

(USPS), alleging it failed to promote her because of her age, in violation of the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), and in retaliation for prior discrimination claims. The district court granted summary judgment to USPS. We review the grant of summary judgment de novo applying the same standards used by the district court, *Watts v. City of Norman*, 270 F.3d 1288, 1293 (10th Cir. 2001), and affirm.

USPS hired Ms. Martens as a letter carrier in 1993. In 1997, when Ms. Martens was fifty-five years old, she applied for one of three accounting technician openings. The job posting for the three positions directed employees to apply by completing and submitting Postal Service Form 991 (Form 991), and stated that information in their official records would be used to determine their qualifications. A review committee evaluated the applicants and recommended six to the selecting official, Arlynda Moody. Ms. Moody ranked Ms. Martens as the third best-qualified and selected her for one of the three openings. But the local USPS human resources manager, Ed Pitts, reopened the review. Acting on a complaint, he concluded that the review committee had improperly rejected some applications without considering information in their Office Personnel Folder (OPF) in accordance with the job posting and past practice. He ordered the review committee to reconsider all of the applicants using all of the information in their OPFs.

As a result, the review committee recommended an additional four applicants. Ms. Moody ranked Ms. Martens as fifth best-qualified of the now-ten applicants, and selected one of the new applicants, Margaret Gorman, for the third opening instead of Ms. Martens. Ms. Moody stated in an affidavit that Ms. Gorman had "already performed the full duties of the position of accounting technician" and had demonstrated "outstanding work ethic and performance" to Ms. Moody, who was her immediate supervisor on the project. Aplt. App. at 28, 27. She said she would have selected Ms. Gorman over Ms. Martens if she had been on the original list of recommended applicants.

ADEA claims are analyzed under the familiar burden-shifting requirements of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). The district court correctly found that Ms. Martens established a prima facie case of age discrimination, and that USPS provided a legitimate non-discriminatory reason for the discharge. The court concluded, however, that Ms. Martens did not present sufficient evidence to create a genuine dispute of material fact as to whether USPS's proffered reasons were a pretext for age discrimination.

Ms. Martens contends on appeal that the explanation for selecting Ms. Gorman over her was pretextual. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quotations omitted). Because the job posting stated that only properly completed Form 991s would be considered, Ms. Martens asserts Ms. Moody could not consider her personal knowledge of the applicants. She also questions whether there was authority for Mr. Pitts to reopen the selection process, and she asserts that she did not have the same opportunity as Ms. Gorman to do the project supervised by Ms. Moody. Finally, she points out that the score given her by the review committee was higher than its score for Ms. Gorman. We address this last contention first.

Pretext can be inferred "when the facts assure us that the plaintiff is better qualified than the other candidates for the position," *Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003). Here, the evaluation of applicants by the review committee was used to create a "short" list of "best qualified" candidates. Aplt. App. at 17. As in *Jones*, the review committee's scoring does not demonstrate that Ms. Martens was better qualified than Ms. Gorman because there is no evidence to suggest that the review committee's scores were anything other than "a screening tool" to identify those who were best qualified for the position. *Jones*, 349 F.3d at 1267-68. The undisputed evidence is that Ms. Moody was free

to select or reject best-qualified applicants based on her own rating of their qualifications.

Although "[c]ourts view with skepticism subjective evaluation methods," *Garrett*, 305 F.3d at 1218, "our role . . . is not to act as a super personnel department that second guesses employers' business judgments," and "we typically infer pretext in these contexts only when the criteria on which the employers ultimately rely are entirely subjective in nature." *Jones*, 349 F.3d at 1267-68 (quotations omitted). Ms. Martens presents no evidence to dispute USPS's evidence that Ms. Gorman had legitimate advantages over Ms. Martens because of her prior experience on an accounting technician project and Ms. Moody's personal knowledge of her work ethic and performance on that project. *See id*. at 1268. Ms. Martens presented no evidence, circumstantial or otherwise, in support of her assertion that she was denied an opportunity to do an accounting technician project under Ms. Moody's supervision.

Ms. Martens has also failed to support her remaining allegations of pretext with any specific facts or evidence. She presented no evidence that only the information in the Form 991 could be considered, or that Mr. Pitts lacked authority to reopen the selection process. The job posting informed employees that information in their official records would be used to determine their qualifications, which is consistent with Mr. Pitts' undisputed testimony that he

reopened the process because the review committee improperly failed to consider the applicants' OPFs. The district court properly held that Ms. Martens failed to raise a fact question on pretext. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167-68 (10th Cir. 2000) ("Even though all doubts must be resolved in plaintiff's favor, allegations alone will not defeat summary judgment." (quotation omitted)).

Ms. Martens also asserts she was not promoted in retaliation for sex discrimination claims she filed more than one year before the promotion decision. We agree with the district court that this time lapse is too great to draw a causal connection between Ms. Martens' protected action and the USPS's failure to promote her. *See Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (holding four-month lapse between protected activity and adverse action insufficient to justify inference of causation).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-6-