**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLIFFORD M. WEAKS,

      Plaintiff-Appellant,

    and

MAURICE A. CARTER,

      Plaintiff,

v.

ROADWAY EXPRESS, INC.,
a Delaware corporation,

      Defendant-Appellee.

No. 05-1426
(D.C. No. 02-CV-1271-WDM-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, ANDERSON**, and **HOLMES**, Circuit Judges.

      Clifford M. Weaks, a former employee of Roadway Express, Inc.

("Roadway"), appeals the district court's decision to grant Roadway's renewed

motion for judgment as a matter of law, or, in the alternative, a new trial on Mr.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Weaks's 42 U.S.C. § 1981 retaliation claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Mr. Weaks, an African-American, worked at Roadway's Denver distribution center on the dock, loading and unloading trucks, from 1994 until Roadway terminated his employment in September 2001. Mr. Weaks claims he was "at war" with Roadway from the day he started. *See* Aplt. Opening Br. at 3-4. During his employment, he protested numerous incidents of allegedly racist conduct at Roadway. He contends that as a result of his protests, Roadway management "hyper-scrutin[ized]" his performance and retaliated against him in various ways, including requiring him to take his breaks separately from other workers, not allowing him to engage in conduct that other employees engaged in freely, and issuing numerous unwarranted notices of intent to discipline to him. *See id.* at 14.

Mr. Weaks belonged to the Teamsters Local Union No. 17. Under Roadway's collective bargaining agreement ("CBA") with the union, in most instances before suspending or firing an employee, Roadway was required to mail a notice of intent to discipline to both the employee and the union. As a matter of practice, Roadway also gave the union stewards a copy of the notice. To avoid the proposed discipline, either the union or the employee had to file a grievance within ten days. If a grievance was filed, Roadway and the union tried to resolve

the situation at a meeting of local management and union representatives. If that meeting did not result in a resolution, the matter was referred to a regional management-union grievance panel.

Although the union automatically filed grievances regarding warning letters, union members were responsible for filing grievances regarding letters of intent to discharge within the ten-day period. Mr. Weaks acknowledged that he was ultimately responsible for filing such a grievance.

On August 21, 2001, Mr. Weaks did not report to work. Assistant Terminal Manager Clyde Riggins reviewed Mr. Weaks's record for the previous nine months,[1] and decided to terminate his employment for excessive absenteeism. On August 28, Mr. Riggins issued a notice of intent to discharge Mr. Weaks. Neither the union nor Mr. Weaks filed a grievance opposing the notice of intent to discharge within ten days. Roadway terminated Mr. Weaks's employment on September 19, 2001, and the regional grievance panel upheld the termination.

Mr. Weaks then brought suit for employment discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as well as additional state-law claims. The court disposed of the majority of his

---

[1]    The CBA did not permit Roadway to hold employees responsible for alleged wrongful or deficient conduct that extended backward more than nine months. *See*, *e.g.*, Aplt. App. at 991 (Mr. Riggins stating: Due to the CBA, "you have discipline dropping off as the rolling nine month goes. And in this case you can use all of his absenteeism[] in that nine-month window to apply towards whatever discipline you are trying to get, to achieve.").

claims prior to trial, but the § 1981 retaliation claim was tried before a jury. The parties stipulated that the termination of Mr. Weaks's employment was the only act of retaliation for which Mr. Weaks sought damages. The jury found for Mr. Weaks and assessed compensatory damages in the amount of $100,000 and punitive damages in the amount of $200,000.

At the conclusion of Mr. Weaks's case and again at the end of the trial, Roadway moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court granted Roadway's renewed motion on the ground that Mr. Weaks had not proven the causation element of his prima facie case. It further held that Mr. Weaks did not offer sufficient evidence of pretext, because Roadway's asserted reason for terminating his employment (absenteeism) was essentially undisputed. In the alternative, the district court granted Roadway a new trial. Mr. Weaks appeals.

## II. **DISCUSSION**

### *Standard of Review*

We review a judgment as a matter of law de novo. *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996).

> We . . . apply the same legal standard as the district court and construe the evidence and inferences in the light most favorable to the nonmoving party without weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury. Judgment as a matter of law is appropriate only where the evidence and all inferences to be drawn therefrom are so clear that reasonable

-4-

minds could not differ on the conclusion. Unless the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion, judgment as a matter of law is improper.

*Id.* (internal citations and quotation marks omitted). "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

*Analysis*

To prevail on a § 1981 retaliation claim, a plaintiff must show: (1) he engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2414-15 (2006); *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1103 & n.1 (10th Cir. 1998).[2] The parties concede

---

[2]    In *White*, the Supreme Court held "[t]he scope of the [Title VII] anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." 126 S. Ct. at 2414. "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 2415 (internal citation and quotation marks omitted). *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 (10th Cir. 2007) (noting that *White* "set[] forth a new rubric for analyzing Title VII retaliation cases"). This court has held that the

(continued...)

that the first two elements are established, and it is only the third element, causation, that is at issue in this appeal. We find it unnecessary to determine whether Mr. Weaks adequately established his prima facie case, however, because even assuming that he did so, the record does not permit an inference that he carried his ultimate burden to prove retaliation.

A plaintiff may carry his burden through a combination of his prima facie case and the presentation of "sufficient evidence to find that the employer's asserted justification is false." *Reeves*, 530 U.S. at 148.[3] Specifically, when considering pretext, "we examine the facts as they appear to the person making the decision to terminate the plaintiff." *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1261 (10th Cir. 2001) (internal citation and quotation marks omitted).

A plaintiff may show pretext either by direct proof of discriminatory motive or an indirect showing that the offered explanation is not worthy of belief. *See Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995). At trial, Roadway contended that Mr. Riggins issued the notice of intent to discharge because of Mr. Weaks's numerous attendance issues in the months leading up to the notice and Roadway terminated Mr. Weaks's employment after he did not

[2](...continued)
standards for Title VII and § 1981 retaliation claims are the same. *See Roberts*, 149 F.3d at 1103 n.1.

[3]     *Reeves* is a discrimination case, but this court has held that its rationale is equally applicable in retaliation cases. *Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1218 (10th Cir. 2003).

grieve the notice of intent to discharge as the CBA required. The record shows that, in the nine-month period before August 21, 2001, Mr. Weaks missed work at least six times, he arrived late at least three times, and he left early at least two times.[4]

Mr. Weaks failed to provide direct evidence of pretext in Roadway's evaluation of his attendance. Furthermore, although Mr. Weaks stated that Roadway issued unwarranted disciplinary notices for attendance issues to him and indicated that Roadway's harassment caused him mental and emotional difficulties in coming to work, Mr. Weaks did not refute the majority of the attendance issues revealed by the record. Thus, he was unable to even inferentially demonstrate a retaliatory motive by showing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's . . . reasons for its action which a reasonable factfinder could rationally find . . . unworthy of credence." *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (internal citation and quotation marks omitted).

Such a failure to rebut evidence of a nondiscriminatory reason is fatal to a retaliation claim. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324-25 (10th Cir. 1997) (finding no pretext in termination for excessive absences). Further, it is

---

[4]  Mr. Riggins's testimony is generally consistent with our review of the record. He testified that during the period "from December of 2000 to August of 2001" Mr. Weaks's "unexcused absences" totaled "[a]pproximately 10." Aplt. App. at 990.

clear that Mr. Weaks did not timely file a grievance of the August 28 notice of intent to discharge, which ultimately led to the termination of his employment.

In *Reeves*, the Supreme Court stated:

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

530 U.S. at 148. Despite some disturbing allegations that suggest Roadway's docks were enveloped in a toxic miasma of racial bias, the record establishes that Roadway had an independent and verifiable reason for terminating Mr. Weaks – excessive absenteeism. Ultimately, our review is not centered upon allegations of racial discrimination, but on whether Roadway's nondiscriminatory reason for terminating Mr. Weaks was pretextual.[5] And, on this issue, there is "abundant

---

[5]     In support of his pretext argument, Mr. Weaks relies heavily on the asserted implausibility of Mr. Riggins' testimony concerning racism and, more specifically, the alleged presence of racism at Roadway. We conclude that this reliance is misplaced. During his deposition, Mr. Riggins stated that he could not define racism and that he had seen no evidence of it at Roadway. Yet, at trial, Mr. Riggins testified that he had seen evidence of racism at Roadway. Furthermore, in his deposition, Mr. Riggins resisted labeling as racist hypothetical incidents at Roadway involving the painting of racist slurs on the docks, violence directed toward African-Americans by the Ku Klux Klan, and a noose hanging from a forklift. At trial, in large part, Mr. Riggins recanted his

(continued...)

and uncontroverted" evidence concerning Mr. Weaks's attendance issues and the lack of a grievance against the August 28 notice of intent to discipline. At best, Mr. Weaks "created only a weak issue of fact" regarding Roadway's asserted reason for terminating his employment. Thus, the district court did not err in granting Roadway judgment as a matter of law.[6]

---

[5](...continued)
deposition testimony concerning whether these incidents would constitute racist acts. When viewed in the context of his deposition testimony, Mr. Riggins's trial testimony might well give a rational jury some grounds for concern regarding his forthrightness or veracity. But this fact is too slender a reed to bolster Mr. Weaks's position regarding the pretextual nature of his termination. Mr. Weaks has offered nothing to show that a rational jury could view Mr. Riggins's *reason for his termination* – as opposed to his testimony about racism – to be implausible, inconsistent, or otherwise unworthy of belief. *See Richmond*, 120 F.3d at 209. *Cf. Williams*, 497 F.3d at 1093 (concluding sufficient evidence of pretext present where employer's "seemingly inconsistent and contradictory explanations" directly related to the materially adverse action constituting the alleged unlawful retaliation).

[6]     Mr. Weaks asserts that the district court ignored evidence favorable to him about protests he organized concerning a September 7, 2001 management-union meeting to discuss proposed discipline, including discipline of several African-American employees. The district court did not ignore this evidence; the court affirmatively rejected it because those events occurred after the notice of intent to discharge was issued on August 28. Roadway argues that Mr. Weaks waived his "September 7 meeting" arguments by failing to raise them in response to Roadway's renewed motion for judgment as a matter of law. Given that the district court had excluded the evidence, it would not have been appropriate for Mr. Weaks to rely on this evidence to defend the jury's verdict. Thus, we do not find the argument waived on appeal. But because the August 28 notice was a necessary predicate to Mr. Weaks's discharge and the evidence indicated that the "September 7 meeting" events occurred after that notice was issued, the district court did not err in excluding the evidence as irrelevant. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234-35 (10th Cir. 2000) (holding that plaintiff could not establish causation element of his prima facie retaliation case

(continued...)

Because we affirm the grant of judgment as a matter of law, we need not address the district court's alternative decision to grant Roadway a new trial.

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[6](...continued)
where the decision to discharge him was made two days before he filed his union grievance).