**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES WILSON,

        Plaintiff-Appellant,

v.

COMFORT SYSTEMS, a division of
Waldinger Corporation,

        Defendant-Appellee.

No. 06-3421
(D.C. No. 05-CV-1154-DWB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Plaintiff, Charles Wilson, filed this lawsuit against his former employer,

Comfort Systems, alleging discriminatory termination under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101. The district court granted Comfort

Systems' motion for summary judgment, concluding that Mr. Wilson failed to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

demonstrate that he is disabled within the meaning of the ADA or that he was terminated because of his alleged disability.  Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Appellate Jurisdiction

Before addressing the merits we must resolve the jurisdictional issue raised by Mr. Wilson's untimely notice of appeal.  As we explained in our partial remand order of January 5, 2007, Mr. Wilson missed the thirty-day deadline for filing a notice of appeal in this action by two days.  He acknowledged his tardiness, however, explaining that he had been "out of town relocating his sister for [a] lung transplant."  R. doc. 73.  We construed Mr. Wilson's filing as a request for an extension of time to file his notice of appeal, which was timely under Fed. R. App. P. 4(a)(5).  Accordingly, we remanded the case to the district court for the limited purpose of ruling on that request.

On May 28, 2007, the district court issued an order granting Mr. Wilson the extension, finding that his "stated reason for the delay, which was not within his reasonable control, weigh[ed] in favor of finding [] excusable neglect."  R. doc. 84 at 4.  It also found that Mr. Wilson acted in good faith, that the length of the delay was minimal, and that any prejudice to Comfort Systems was negligible. On the record before us, we conclude the district court acted well within its discretion in granting Mr. Wilson the extension.  *See City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir. 1994) ("We review the district

court's determination of 'excusable neglect' with respect to a Rule 4(a)(5) motion only for an abuse of discretion").  We therefore have jurisdiction over this appeal.

## II.  Background

*A.  Facts*

Comfort Systems installs and services heating, air conditioning, and plumbing systems for residential and commercial customers in Wichita, Kansas and the surrounding area.  Mr. Wilson began working for Comfort Systems as a service technician in March 2003.  It is undisputed that during his employment he was able to perform all of the functions of his job without any accommodations. It is also undisputed that Mr. Wilson never told anyone at Comfort Systems that he had been receiving disability benefits from the Social Security Administration ("SSA") since 1997 because of arthritis in his knees.  In December 2003 the SSA sent Comfort Systems a questionnaire seeking information about Mr. Wilson's employment.  The stated purpose of the questionnaire was to determine whether Mr. Wilson's employment could be considered as subsidized or an unsuccessful work attempt under the Social Security guidelines.  The form did not mention the nature of Mr. Wilson's disability, and it was not apparent from the information disclosed therein that Mr. Wilson suffered from any knee problems.  Larry Dunn, Mr. Wilson's manager, completed the form on behalf of Comfort Systems.  He indicated that Mr. Wilson did not work under any special conditions, such as receiving extra help or frequent rest periods, and that his work was satisfactory.

Comfort Systems terminated Mr. Wilson's employment in January 2004, stating that he was being laid off due to a slow-down in business. Mr. Dunn indicated on the termination form that Mr. Wilson was eligible for rehire. He also offered to call around town to see if other companies in the business might be interested in hiring Mr. Wilson. Mr. Wilson, however, was unable to find employment, and later in 2004, he underwent knee surgery that prevented him from working. He had surgery on his other knee in 2005. He filed this action on May 20, 2005, charging Comfort Systems with discriminatory termination under the ADA.

B. *Summary Judgment Order*

By order dated October 26, 2006, the district court awarded summary judgment to Comfort Systems. It noted initially that although Mr. Wilson's pro se response to the defendant's motion ignored virtually all of the procedural rules governing summary judgment, the court was nonetheless obligated to determine whether Comfort Systems was entitled to judgment as a matter of law. It then proceeded to address the legal and evidentiary bases underlying Comfort Systems' argument.

First, the court explained that in order to survive summary judgment, an ADA plaintiff must establish a prima facie case of disability discrimination by showing (1) that he is disabled within the meaning of the ADA; (2) that he is a "qualified individual," meaning that he can perform the essential functions of the

job with or without an accommodation; and (3) that the employer terminated him because of his disability. R. doc. 71 at 12; *see Morgan v. Hilti Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (setting forth elements of ADA claim). The court then emphasized that it is critical for the plaintiff to establish that he is disabled within the meaning of the ADA, even if he has been adjudged disabled by the SSA. R. doc. 71 at 14 (citing *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 383 (6th Cir. 1998); *Weigel v. Target Stores*, 122 F.3d 461, 468 (7th Cir. 1997)). The court went on to hold that Mr. Wilson failed to show that he was disabled as defined in the ADA, *see* 42 U.S.C. § 12102(2), because there was no evidence that he suffered from any substantial limitations in any major life activities, including work. To the contrary, all of the evidence indicated that Mr. Wilson was able to perform all of the functions of his job at Comfort Systems with no accommodations. The court also held that Mr. Wilson could not establish disability with a record of impairment because there was nothing in the record to indicate that Comfort Systems was aware of any such record. Accordingly, the court found that Mr. Wilson failed to establish a prima facie case.

Nonetheless, the court went on to conclude that even if Mr. Wilson had established a prima facie case of discrimination, Comfort Systems would be entitled to summary judgment because there was no admissible evidence showing that it knew about Mr. Wilson's alleged disability. And thus, there was no evidence to support Mr. Wilson's conclusory allegation that he was fired because

-5-

of his disability.  The court also rejected Mr. Wilson's pretext argument. Although the evidence supported his contention that Comfort systems hired two employees within weeks of his termination, the court noted that there was no evidence to indicate that those employees were hired as service technicians.

This appeal followed.

### III.  Discussion

"We review the grant of a summary judgment motion de novo, applying the same standards as the district court.  In reviewing the record, we view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Proctor v. UPS*, 502 F.3d 1200, 1205 (10th Cir. 2007) (citation omitted).  Summary judgment is appropriate if the record demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  After carefully considering Mr. Wilson's arguments and the record on appeal, we agree with the district court's conclusion that Comfort Systems was entitled to judgment as a matter of law.  We therefore AFFIRM the district court's judgment for substantially the same reasons set forth in its October 26, 2006, order granting Comfort Systems' motion for summary judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge